FILED
CLERK, U.S. DISTRICT COURT

APR 16 2008

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

OLIVER WILLIAMS COLEMAN,        )   Case No. CV 08-2400-AHM (OP)
                                )
                Petitioner,     )   ORDER TO SHOW CAUSE RE:
                                )   DISMISSAL OF PETITION FOR
        v.                      )   WRIT OF HABEAS CORPUS BY A
                                )   PERSON IN STATE CUSTODY
                                )   (28 U.S.C. § 2254) AS UNTIMELY
F. B. HAWS, Warden,             )
                                )
                Respondent.     )
                                )

# I.

## INTRODUCTION

On April 6, 2008, Oliver Williams Coleman ("Petitioner"), constructively filed the current Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Pet.").[1]

---

[1] The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). The Court has utilized the signature date on the current Petition as the relevant filing date since the signature date is the earliest date on which Petitioner could have

1    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the
2    United States District Courts, the Court has examined the current Petition and
3    finds that it plainly appears from its face that Petitioner is not entitled to relief in
4    the district court.  Specifically, the Court finds that the Petition is subject to
5    summary dismissal because the information provided indicates that the Petition is
6    untimely.

**II.**

**PROCEDURAL HISTORY**

9    According to the Petition, on July 18, 1980, Petitioner was convicted after
10   entering a no contest plea in the Los Angeles County Superior Court, case
11   number A617707, of kidnaping in violation of California Penal Code section
12   209.  (Pet. at 2.)  Petitioner was sentenced the same day to a total state prison
13   term of seven years to life.  (Id.)

14   Petitioner did not appeal the judgment of conviction to the California
15   Court of Appeal, nor did he file a petition for review in the California Supreme
16   Court.  (Id. at 2, 3.)

17   In April 2007, Petitioner filed his first state habeas corpus petition in the
18   Los Angeles County Superior Court which was denied on June 15, 2007.  (Id. at
19   4.)  Petitioner then filed a habeas corpus petition in the California Court of
20   Appeal which was denied on August 15, 2007.  (Id.)  Petitioner then filed a
21   petition for review in the California Supreme Court which was denied on March
22   12, 2008.  (Id.; Official Records of California Courts).[2]

_____

24   turned the Petition over to the prison authorities for mailing.

25   [2] The Court's independent review of the website for the California State
26   Courts reveals that on September 6, 2007, Petitioner filed a habeas corpus
     petition in the California Supreme Court which was denied on March 12, 2008.
27   The Court takes judicial notice of the state appellate court records for Petitioner's
28   case, which is available on the Internet at http://appellatecases.courtinfo.ca.gov.

2

1    On April 6, 2008, Petitioner constructively filed the current Petition raising

2  a single claim regarding his counsel's alleged failure to research applicable

3  statute governing a plea bargain contracts.  (Pet. at 5.)

4    For the reasons discussed below, Petitioner is ordered to show cause why

5  the current Petition should not be dismissed with prejudice as untimely.

6                          **III.**

7                     **DISCUSSION**

8  **A.    Standard of Review**

9    This Court may entertain a habeas application on behalf of a person who is

10  in custody pursuant to a state court judgment and in violation of the Constitution,

11  laws, or treaties of the United States.  See 28 U.S.C. § 2254(a).  The Court need

12  neither grant the writ nor order a return if it appears from the application that the

13  applicant is not entitled to relief.  See 28 U.S.C. § 2243.  "If it plainly appears

14  from the face of the petition and any exhibits annexed to it that the petitioner is

15  not entitled to relief in the district court, the judge must dismiss the petition and

16  direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section

17  2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also

18  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is

19  appropriate where the allegations in the petition are vague or conclusory,

20  palpably incredible, or patently frivolous or false).  Further, the Court has the

21  authority to raise the statute of limitations issue *sua sponte* and to dismiss the

22  petition on those grounds.  Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

23  However, that authority should only be exercised after a petitioner is provided

24  with adequate notice and an opportunity to respond.  Id.

25  / / /

26

27  _____

    See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take

28  judicial notice of relevant state court records in federal habeas proceedings).

1   **B.     The Petition Was Not Filed Within the Limitation Period**

2          The current Petition was filed after the Antiterrorism and Effective Death

3   Penalty Act of 1996 ("AEDPA") was signed into law and is, thus, subject to the

4   AEDPA's one-year statute of limitations period, as set forth under 28 U.S.C. §

5   2244(d).  See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th

6   Cir. 1997).[3]  In most cases, the limitation period begins to run from "the date on

7   which the judgment became final by conclusion of direct review or the expiration

8   of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  As discussed

9   above, Petitioner was convicted and sentenced on July 18, 1980.  (Pet. at 2.)

10  Since Petitioner did not file a direct appeal, his conviction became final sixty

11  days later, on September 16, 1980.  See Cal. R. Ct. 8.308(a) (formerly Cal. R. Ct.

12  30.1).  In cases like Petitioner's where the conviction became final prior to

13  AEDPA's enactment, the one-year statute of limitations began to run on April 25,

14  1996, and expired on April 24, 1997.  28 U.S.C. § 2244(d)(1)(A); see also

15  Patterson v. Stewart, 251 F.3d 1243, 1245-47 (9th Cir. 2001).  Petitioner did not

16  constructively file the current Petition until April 6, 2008, nearly eleven years

17  after the limitation period expired had run.  Thus, unless Petitioner is entitled to

18  statutory or equitable tolling or an alternate start date to the AEDPA's limitations

19  period under 28 U.S.C. § 2244(d)(1), it appears that the current Petition is

20  untimely.

21  **C.     Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. §**

22          **2244(d)(2)**

23          Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a

24  properly filed application for State post-conviction or other collateral review with

25  respect to the pertinent judgment or claim is pending shall not be counted toward

26

27          [3] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Ct.

28  (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

1  any period of limitation under this subsection."

2      The United States Supreme Court has held that the statute of limitations is
3  tolled where a petitioner is properly pursuing post-conviction relief – the period
4  is tolled during the intervals between one state court's disposition of a habeas
5  petition and the filing of a habeas petition at the next level of the state court
6  system. Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d
7  260 (2002). In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit
8  construed the foregoing tolling provision with reference to California's post-
9  conviction procedures. The Ninth Circuit held that "the statute of limitations is
10 tolled from the time the first state habeas petition is filed until the California
11 Supreme Court rejects the petitioner's final collateral challenge." Id. at 1006
12 (footnote omitted). Claims denied as untimely or determined by the federal
13 courts to have been untimely in state court will not satisfy the requirements for
14 statutory tolling. Evans v. Chavis, 546 U.S. 189, 192-93, 126 S. Ct. 846, 163 L.
15 Ed. 2d 684 (2006) (citing Carey, 536 U.S. at 222-23).[4]

16     Statutory tolling is unavailable where, as here, Petitioner's first state
17 habeas petition in the Los Angeles County Superior Court was not filed until
18 April 2007, well beyond the expiration of the AEDPA limitations period. (Pet. at
19 4.) Section 2244(d) does not permit the reinitiation of the AEDPA limitations

20 _____

21     [4] The Court in Evans held that a California Supreme Court order silent on
22 the grounds for the court's decision is not equivalent to a holding that the filing
   was timely. Evans, 546 U.S. at 197-98. Thus, in the absence of clear direction or
23 explanation from the California Supreme Court about the meaning of the term
24 "reasonable time" (in which to file a habeas petition), or clear indication that a
   particular request for appellate review was timely or untimely, the federal court
25 must itself examine the delay in each case and determine what the state courts
26 would have held with respect to timeliness. Id. at 198. That is, "the federal court
   must decide whether the filing of the request for state-court appellate review (in
27 state collateral review proceedings) was made within what California would
28 consider a 'reasonable time.'" Id.

1    period that has ended before a state habeas petition is filed.  Ferguson v.

2    Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not

3    permit the reinitiation of the limitations period that has ended before the state

4    petition was filed," even if the state petition was timely filed); see also Jiminez v.

5    Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894,

6    898-99 (9th Cir. 2001).  For the same reason, Petitioner is not entitled to statutory

7    tolling for the period during which his remaining two habeas corpus petitions

8    were pending in the California Court of Appeal or the California Supreme Court.

9    Since, Petitioner filed his state habeas petitions well after the AEDPA statute of

10   limitations expired, he may not avail himself of statutory tolling to render the

11   current Petition timely.  Thus, absent equitable tolling or an alternate start date

12   for the statute of limitations, it appears that the current Petition is untimely.

13   **D.**    **Equitable Tolling**

14        The one-year limitation period is subject to equitable tolling if a petitioner

15   demonstrates: "(1)  that he has been pursuing his rights diligently, and (2) that

16   some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544

17   U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).[5]  A petitioner bears the

18   burden of alleging facts that would give rise to tolling.  Id. "[T]he threshold

19   necessary to trigger equitable tolling under [the] AEDPA is very high, lest the

20   exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.

21   2002) (internal quotation marks and citation omitted).  This high bar is necessary

22   to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in

23

24   _____

25        [5]  The Supreme Court in Pace noted that it has "never squarely addressed
     the question whether equitable tolling is applicable to AEDPA's statute of
26   limitations."  Pace, 544 U.S. at 418 n.8.  The Supreme Court declined to consider
     the issue in that case and assumed for the sake of argument that it did, because
27   the respondent assumed as much, and the petitioner was not entitled to tolling
     under any standard.  Id.
28

1    federal court in order to protect the federal system from being forced to hear stale

2    claims." <u>Guillory v. Roe</u>, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal

3    quotation marks and citation omitted).  Equitable tolling determinations are

4    "highly fact-dependent." <u>Whalem/Hunt v. Early</u>, 233 F.3d 1146, 1148 (9th Cir.

5    2000) (en banc) (per curiam); <u>accord</u> <u>Lott v. Mueller</u>, 304 F.3d 918, 923 (9th Cir.

6    2002) (observing that equitable tolling determinations "turn[ ] on an examination

7    of detailed facts").  The face of the Petition and attachment do not set forth any

8    facts showing that Petitioner is entitled to equitable tolling.  Thus, as set forth

9    above, it appears that the current Petition is untimely.

10   **E.     <u>Alternate Start of the Statute of Limitations</u>**

11          **1.     <u>State-Created Impediment</u>**

12          In rare instances, AEDPA provides that its one-year limitations period

13   shall run from "the date on which the impediment of filing an application created

14   by State action in violation of the Constitution or laws of the United States is

15   removed, if the applicant was prevented from filing by such State action."  28

16   U.S.C. § 2244(d)(1)(B).  Asserting that the statute of limitations was delayed by a

17   state-created impediment requires a showing of a due process violation.  <u>Lott</u>,

18   304 F.3d at 925.  The face of the Petition and attachment do not appear to set

19   forth any facts showing that Petitioner is entitled to relief under this provision.

20          **2.     <u>Newly Recognized Constitutional Right</u>**

21          The AEDPA also provides that, if a claim is based upon a constitutional

22   right that is newly recognized and applied retroactively to habeas cases by the

23   United States Supreme Court, the one-year limitations period begins to run on the

24   date which the new right was initially recognized by the United States Supreme

25   Court.  28 U.S.C. § 2244(d)(1)(C).  The face of the Petition and attachment do

26   not appear to set forth any facts showing that Petitioner is entitled to relief under

27   this provision.

28   / / /

### 3.    **Discovery of Factual Predicate**

The AEDPA further provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  The face of the Petition and attachment do not appear to set forth any facts showing that Petitioner is entitled to relief under this provision.

### IV.

### ORDER

Based upon the foregoing, the Court finds that the face of the Petition indicates that it is untimely.  Accordingly, Petitioner is ordered to show cause why the Petition should not be dismissed as untimely by filing a response within thirty (30) days of the date of this Order.  In the response to this Order to Show Cause ("OSC"), Petitioner shall make clear the dates on which any other state petition was filed and shall, if possible, attach copies of any state petition (showing that it was filed) and copies of the state court's decision addressing each petition.  All facts relied upon by Petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.  Petitioner must describe specifically the nature and duration of any extraordinary circumstances and their consequences in a declaration signed by him under penalty of perjury.  Petitioner shall also include with his response properly authenticated prison records or documents which demonstrate any circumstance which Petitioner believes impeded his ability to timely file the current Petition.

/ / /

/ / /

/ / /

/ / /

1  Failure to comply with these requirements may result in the dismissal of
2  this action for failure to prosecute and/or failure to comply with a court order.
3  Failure to remedy the deficiencies discussed may also result in a recommendation
4  that the action be dismissed.
5
6  **IT IS SO ORDERED.**
7
8  DATED: April 16, 2008
9  HONORABLE OSWALD PARADA
   United States Magistrate Judge
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28